IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN LACEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Criminal Action No. 12-00046-KD-N |
| | )  Civil Action No. 13-00413-KD |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This action is before the Court on Petitioner Adrian Lacey's motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure and the affidavit in support (docs. 101, 103).[1]  Upon consideration, and for the reasons set forth herein, Lacey's motion is dismissed for lack of jurisdiction.

I. Background

On March 1, 2012, the Grand Jury of this District returned a two-count indictment against Lacey, both arising from fraudulent activities in connection with the Gulf Coast Claims Facility (GCCF), which was established to administer and process claims resulting from the Deepwater Horizon disaster in the Gulf of Mexico in April 2010 (doc. 1).   The United States

---

[1] Lacey's motion to correct (doc. 102) his motion for relief from judgment is granted. Lacey's references to Document 90 are amended to be references to Document 94. Because the Court has determined that it lacks jurisdiction to consider the Rule 60(b) motion, Lacey's motion to supplement his affidavit to add further support for Issue II, Sworn Victim/Witness Statement, and Issue V, Actual Innocence and his motion to amend his Rule 60(b) motion to add his "Request for Copy of Tax Return" in support of Issue V are dismissed for lack of jurisdiction (docs. 104, 105).

1

charged Lacey with use of an unauthorized access device – namely, a GCCF claim – with intent to defraud, in violation of 18 U.S.C. § 1029(a)(2) (Count One) and filing a false GCCF claim in the amount of $50,000, in violation of 18 U.S.C. § 1341 (Count Two). Lacey retained counsel and plead not guilty. Subsequent thereto, he executed a plea agreement. At the change-of-plea hearing, he entered a plea of guilty to Count Two. On December 17, 2012, Lacey was sentenced to forty-six (46) months as to Count Two and Count One was dismissed. The judgment was amend *nunc pro tunc* to impose restitution to the Deepwater Horizon Oil Spill Trust.

On December 27, 2012, Lacey filed a *pro se* notice of appeal and motion for appointment of counsel, which were docketed by the Court on January 4, 2013. His retained counsel filed a motion to withdraw. Ultimately, the motions were granted and new counsel was appointed for the appeal.

During the pendency of the appeal, Lacey filed a motion to vacate pursuant to 28 U.S.C. § 2255. The Court deferred ruling until disposition of the appeal. Lacey's appeal was voluntarily dismissed. The Magistrate Judge entered a report and recommendation for denial of Lacey's § 2255 petition, denial of a certificate of appealability, and denial of leave to proceed *in forma pauperis*. Lacey filed an objection as well as a motion to amend his § 2255 petition and a motion for an evidentiary hearing. The report and recommendation was adopted by the District Court, the motion to amend was granted, and the motion for evidentiary hearing was denied. The order adopting the report and recommendation and the judgment were entered on April 20, 2015. Lacey filed a notice of appeal. However, the Court of Appeals for the Eleventh Circuit denied his motion for a certificate of appealability and his motion for leave to proceed

*in forma pauperis*. Lacey has now filed a motion for relief from judgment or order under Fed. R. Civ. P. 60(b) (doc. 101).

II. Rule 60(b)

Lacey does not specify which of the six Rule 60(b) sub-sections applies, but he appears to rely on Rule 60(b)(1) and (3). Rule 60 addresses "[r]elief from a judgment or order." Fed. R. Civ. P. 60(b). The Rule sets forth in relevant part as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Fed. R. Civ. P. 60(b).

In the context of proceedings under 28 U.S.C. § 2255,[2] when the petitioner's "Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" it may be considered as a proper Rule 60(b) motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). If the movant "asserts that a previous ruling which *precluded a merits determination* was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar", he may be asserting a proper Rule 60(b) motion. *Id*. at 532 n.4

---

[2] *United States v. Terrell*, 141 Fed. Appx. 849, 851 (11th Cir. 2005) ("Although *Gonzalez* addressed a Rule 60(b) motion and decided the issue only under § 2254, … we believe that its holding and rationale apply equally to § 2255, and that it controls the disposition of this appeal.")

(emphasis added). Also, if the Rule 60(b) motion is based on a "fraud upon the federal court that led to the denial of the original habeas petition", that may be a proper motion. *United States v. Winston*, 346 Fed. Appx. 520, 522 (11th Cir. 2009); *Gonzalez*, 545 U.S. at 532 n.5 ("Fraud on the federal habeas court is one example" of a defect in the integrity of the federal habeas proceedings).

However, a Rule 60(b) motion that "attacks the federal court's previous resolution of a claim *on the merits,*" or seeks "to add a new ground for relief" constitutes a second or successive habeas petition. *Gonzalez,* 545 U.S. at 532 (emphasis in original). Overall, a Rule 60(b) motion is effectively a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Id*. at 531-32. The motion may "be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." *Id*. at 532.

Importantly, a Rule 60(b) motion may not be used to circumvent the statutory provision that before filing a second or successive petition pursuant to 28 U.S.C. § 2255 in the "district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application," 28 U.S.C.A. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("*Felker* established a 'bright line rule' that the successive-petition restrictions in § 2244(b) apply to all Rule 60(b) motions filed by habeas petitioners") (quoting *Mobley v. Head,* 306 F.3d 1096 (11th Cir. 2002). The "bar on second or successive motions is jurisdictional"; therefore, the district court lacks jurisdiction to consider a Rule 60(b) motion that is actually a second or successive § 2255 petition unless the petitioner has been granted permission to file from the Court of Appeals for the Eleventh Circuit. *In re Morgan,* 717 F.3d 1186, 1193 (11th Cir. 2013); *Farris*, 333 F.3d at 1216

("Without authorization, the district court lacks jurisdiction to consider a second or successive petition"); *United States v. Zachery,* 581 Fed. Appx. 828 (11th Cir. 2014) (same).

As such, before the Court may address the merits of a Rule 60(b) motion, it must determine whether the motion is an unauthorized second habeas petition. "To determine whether a prisoner's pro se motion is a second or successive § 2255 motion," the Court should "examine the content of the filing and the relief sought." *Walker v. United States,* 367 Fed. Appx. 67, 68 (11th Cir. 2010). "A party's labeling of a motion is not binding on the Court, which may discard an inappropriate label to render a decision based on the motion's substance." *Soto-Herrera v. United States*, 2013 WL 1788499, *2 (S.D. Ala. Apr. 26, 2013) (citing *Smith v. United States Parole Comm'n*, 721 F.2d 346, 348 (11th Cir.1983) (per curiam)). Despite the title, "a motion that collaterally attacks a prisoner's sentence as being unconstitutional is a motion to vacate under §2255." *Walker,* 367 Fed. Appx. at 68.

   III. Timeliness

Rule 60(c)(1) sets forth as follows:

> A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1). The order and judgment were entered April 20, 2015 (docs. 95, 96). Lacey's motion was filed February 29, 2016, within the one year time period for a motion pursuant to Rule 60(b)(1) and (60(b)(3). Therefore, his motion is timely.

   IV. Analysis

Lacey argues that the Court should not construe his motion as a second or successive § 2255 petition, because the arguments therein relate to the integrity of the federal habeas

5

proceeding. He asserts that the "district court specifically through the Magistrate's Report and Recommendation misinterpreted and/or failed to address certain delicate issues stated in his § 2255" petition and that the Court should "grant an evidentiary hearing to properly resolve the merits of the issues stated herein" (doc. 101. p. 1, 3). Lacey presents five arguments:

    1. "The *Terry* pat"

In his § 2255 petition and its supplements, Lacey argued that his counsel rendered ineffective assistance by failing to move to suppress evidence that was obtained from an allegedly illegal *Terry* pat search by the Mobile Police Department on August 30, 2011. Following this traffic stop, and the impoundment of his vehicle, Lacey was arrested for possession of forged instruments and trafficking in stolen identities. Also, the Mobile Police officers contacted federal agents because certain documents implicated claims made to the GCCF. Lacey was indicted in this court for filing false claims with the GCCF for his alleged seafood business. Lacey argued that all the evidence seized from his person and his vehicle should have been suppressed as having been seized in violation of the Fourth Amendment. The Court adopted the Magistrate Judge's recommendation and denied Lacey's claim for ineffective assistance of counsel for failure to file a motion to suppress. Lacey addressed this claim again in his post-report and recommendation motion to amend his § 2255 petition, (which was granted by the Court) and his objection.

Now, Lacey argues that this Court has created a defect in the integrity of the habeas process by adopting the Magistrate Judge's finding that he provided "little to no factual support for his argument that the evidence was obtained illegally" without consideration of the additional factual support raised in his motion to amend his § 2255 petition and objection to the

report and recommendation (doc. 101, p. 3-4, Rule 60(b) motion; doc. 88, report and recommendation; doc. 89 motion to amend; doc. 94, objection). Lacey argues that "these documents were not considered" even though "they predicated previous arguments by substantiating the claims with additional evidence" and that the Court's failure to hold an evidentiary hearing was a "procedural default" (doc. 101, p. 4).

Lacey's conclusory allegation that the motion to amend and objection "were not considered" is not sufficient to allege a defect in the integrity of the habeas proceedings, but instead is an attempt to re-litigate the merits. *Gonzalez*, 545 U.S. at 532 (The Court explained "[a] motion can ... be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits"). Moreover, the Court granted Lacey's motion to amend and considered the facts and legal arguments in the motion, as well as the same in Lacey's objection and his request for an evidentiary hearing (doc. 95, order adopting the report and recommendation).[3]

As to Lacey's claim that the Court should have held an evidentiary hearing, that too, is an attempt to re-litigate the merits. "Section § 2255 states that an evidentiary hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]' § 2255(b). Therefore, a determination of entitlement to an evidentiary hearing would also seem to necessitate a determination of the merits of a petitioner's claims, thus rendering an attack on the former an attack on the latter as well." *Soto-Herrera*, 2013 WL

---

[3] The Court adopted the report and recommendation after consideration of the issues raised and a *de novo* determination of those portions to which Lacey objected (doc. 95). The Court specifically cited Lacey's objection. The Court also granted his "Motion to Amend Petitioner's 18 U.S.C. § 2255 Claims of Illegal Terry Pat and Breach of Proffer Agreement" (Doc. 89)" and denied his "Motion Requesting an Urgent Evidentiary Hearing/Motion to Amend Pending 18 U.S.C. § 2255 (Doc. 84)" (doc. 95).

1788499, at *3. Since Lacey seeks an opportunity to re-visit claims raised and decided on the merits during the habeas proceeding, *i.e.,* attacks the previous resolution of his claim on the merits, these claims constitute a second or successive habeas petition as to which Lacey has not received permission to file in the district court. Therefore, the Court lacks jurisdiction to consider these claims.

      2. "Failure to disclose discovery – sworn victim/witness statement"

      In his § 2255 petition and its supplements, Lacey argued that his counsel was ineffective for failing to move to suppress his statements during an interview with federal agents and an officer of the Mobile Police Department on September 14, 2011. The agents' investigative report indicated that during this interview Lacey admitted filing false claims with the GCCF and filing a false tax return. Lacey argued that his counsel should have moved to suppress his statements because they were the result of the allegedly illegal *Terry* pat of August 30, 2011.

      Lacey also argued that his counsel was ineffective for failing to provide all discovery. Lacey argued that counsel showed him only the first three pages of his discovery, and that if counsel had shown him all of the discovery, Lacey would have found the Sworn Victim/Witness Statement.   Lacey asserts that this sworn statement is totally contrary to the agents' investigative report of September 14, 2011, and therefore, is exculpatory evidence. Lacey argued that if he1 had seen this document, he would not have pled guilty but instead would have went to trial. Lacey also argues that counsel was ineffective because he failed to investigate and find the sworn statement. (Doc. 82, p. 4-6, 24)

      The Magistrate Judge found that Lacey's counsel was not ineffective for failing to move

to suppress the September 14, 2011 statements. The Magistrate Judge found that it was reasonable for counsel to conclude that even if the documents seized following the August 30, 2011 traffic stop and *Terry* pat could have been suppressed, Lacey's September 14, 2011, admissions were too attenuated to be suppressed as the fruit of the poisonous tree. The Magistrate Judge also found that "Lacey admitted during the September 14, 2011 interview that he had filed a false claim with the GCCF on behalf of a defunct business, and both counts of the indictment charged crimes related to this particular false claim" (doc. 88, p. 29). The Magistrate Judge also stated "Lacey has not challenged the veracity of the facts regarding his September 14, 2011 interview with law enforcement officials" (doc. 88, p. 24).

    In his objection to the report and recommendation, Lacey reiterated his earlier arguments as to ineffective assistance of counsel. Again, Lacey argued that the sworn statement was exculpatory, contrary to the agents' recollection, and rebutted the agents' investigative report.   He also asserted that the Magistrate Judge did not refer to the sworn statement in the report and recommendation "when she stated that 'Lacey did not challenge the veracity of allegations stemming from the September 14, interview" (doc. 94, p. 9).

    Now, in his Rule 60(b) motion, Lacey again argues that he challenged the veracity of the facts. He argues that the sworn statement filed with his amended reply, rebutted those facts, but the Magistrate Judge did not "mention the existence" of his sworn statement (doc. 101, p. 5; doc 82, p. 5, amended reply). Lacey argues that his sworn statement is "exculpatory evidence relating to [his] claim of innocence" and that it impeaches and rebuts the agents' "hearsay" report. Lacey asserts that an evidentiary hearing is necessary to determine why the Magistrate Judge failed to acknowledge his sworn statement, whether it is exculpatory, and whether it

could have been used to impeach the agents' investigative report of his statements of September 14, 2011.[4]

Since Lacey again seeks an opportunity to re-visit claims raised and decided on the merits during the habeas proceeding, *i.e.,* attacks the previous resolution of his claim on the merits, these claims constitute a second or successive habeas petition as to which Lacey has not received permission to file in the district court. *Gonzalez*, 545 U.S. at 532. Therefore, the Court lacks jurisdiction to consider these claims.

Lacey also argues that the United States "committed fraud when it used [the agent's] false statements from the September 14, interview instead of adopting the sworn victim statement it entered as evidence in Lacey's discovery" (doc. 101, p. 8). Lacey appears to attack

---

[4] Lacey also argues that an evidentiary hearing is necessary to determine "why did his counsel fail to present this document to Lacey before allowing him to plea" (doc. 101, p. 7). Lacey raised this specific claim for the first time in the motion to supplement his reply to the United States' response to his § 2255 petition. Lacey explained that he received all discovery in December 2013 and found his sworn statement (doc. 82, p. 5-6). He stated as follows: "Now that petitioner has his whole discovery, petitioner was able to view the actual statements he signed to by way of "Sworn Victim/Witness Statement that is page 69 of his discovery. . . . Had counsel actually reviewed the entire discovery he would have noticed the differences [between the agents' statement and Lacey's sworn statement]. . . A competent counsel would at least discuss the possibility of a suppression hearing . . . So that is why petitioner asserts that he would have insisted on trial had his counsel been sufficient and allowed him to view his whole discovery" (doc. 82, p. 6). However, it appears that Lacey did not move to amend his § 2255 petition to add this claim of ineffective assistance of counsel. Since raising this claim in the Rule 60(b) motion appears to be an attempt "to add a new ground for relief", *Gonzalez,* 545 U.S. at 532, the Court lacks jurisdiction to consider it.

The Court notes that Lacey did claim that his counsel was ineffective for failing to share the entire discovery (doc. 69, p. 1; doc. 71, p. 2). In his motion to supplement the § 2255 petition, Lacey argued that he only saw the first three pages (the Details of Investigation) and did not see the investigative narrative from his August 30, 2011 traffic stop, and therefore was "denied a chance to challenge the police story" (doc. 71, 2). Lacey stated that his counsel "persuaded" him that "the case was pretty much won by the prosecution due to the evidence found in his car [August 30, 2011] and the incriminating interrogation … on September 14, 2011" (*Id.*, p. 2-3). But Lacey did not mention the sworn statement.

the use of the agents' investigative report as a basis for his factual resume, asserting that his version of the facts as set forth in the sworn statement should have been the basis for his factual resume. The factual resume was generated before Lacey pled guilty and was agreed to by Lacey as evidenced by his signature (doc. 17). Thus, his allegation that fraud was committed is meritless. Moreover, he has failed to allege a fraud in the integrity of the habeas proceedings. Therefore, the Court lacks jurisdiction to consider this claim.

    3. "Phone call on September 13, 2011"

In response to Lacey's § 2255 petition, the United States pointed out that even if his counsel had presented evidence that would have resulted in a successful motion to suppress evidence from the August 2011 traffic stop, the remaining evidence was overwhelming. The United States asserted that Lacey's illegal activity in this action – the false claims with the GCCF – had been investigated for four months before the traffic stop, and that most of Lacey's admissions of fraudulent activity occurred during the September 14, 2011 interview following his arrest on separate narcotics charges on September 13, 2011 (doc. 80, p. 13).

In reply, Lacey asserted that he called the federal agents on September 13, 2011 to report misconduct on the part of the Mobile Police Department officers,[5] but not to speak with the agents about his federal case outside the presence of his state court counsel. Lacey argued that counsel was ineffective for failing to recognize that the agents' investigative report was the result of police misconduct and failing to move suppress the evidence obtained, including the

---

[5] In his reply, Lacey states that "Petitioner ask this court to suppress that [September 14, 2011] interview also. Petitioner's reason for calling Agent Lea was for the purpose of complaining about he felt Officers perhaps planted narcotics in his truck" (*sic*) (doc. 81, p. 5). Lacey makes the same assertion in his Rule 60(b) motion; specifically, that he called the agents to "report that members of the police department had planted the drugs in his truck to set him up, in order to confiscate the $32,000.00 he had in his possession" (doc. 101, p. 12).

agents' investigative report (docs. 81, 82).

The Magistrate Judge found that Lacey initiated contact with the federal agents, expressly indicated that he wanted to speak with the agents outside the presence of his state court counsel, and that his statements at the September 14, 2011 interview were an admission. The Magistrate Judge considered the factual resume that Lacey had signed, which was based on the investigative report from the September 14, 2011 interview, and found that he had not controverted the factual allegations therein. The Magistrate Judge then determined that defense counsel was not ineffective because it was reasonable to conclude that even if the evidence from the August 30, 2011 traffic stop could have been suppressed, Lacey's admissions at the September 14, 2011 interview were too attenuated to be fruit of the poisonous tree, and likely could not be suppressed (doc. 88, p. 24-29). Lacey objected to this finding (doc. 94).

Now, in his Rule 60(b) motion, Lacey argues that the Court "failed to conduct an evidentiary hearing regarding the nature of the calls made by Lacey" to the agents to "determine if agents used this call as a ruse to solicit unproffered incriminating statements from Lacey" and that the Court "failed to address this issue and conduct an evidentiary hearing to determine the merits of his assertions" (doc. 101, p. 9-10). Since Lacey again seeks an opportunity to re-visit claims raised, addressed, and decided on the merits during the habeas proceeding, *i.e.,* attacks the previous resolution of his claims of ineffective assistance of counsel, these claims constitute a second or successive habeas petition as to which Lacey has not received permission to file in the district court. *Gonzalez*, 545 U.S. at 532. Therefore, the Court lacks jurisdiction to consider these claims.

Lacey also argues that the United States "committed fraud on the court by making

misrepresentation and inserting misleading statements in the discovery" (doc. 101, p. 10).   In context, it appears that Lacey refers to the agents' September 14, 2011 investigative report, as the "misleading statements". However, Lacey does not allege that this fraud occurred during the federal habeas proceedings, stating instead that it occurred "in the discovery". As such, he has failed to allege a fraud in the integrity of the habeas proceedings. Therefore, the Court lacks jurisdiction to consider this claim.

Lacey also argues that the Magistrate Judge "erroneously and mistakenly stated that Lacey's questioning on September 14, 2011, [which followed the September 13, 2011 phone call] was conducted by different law enforcement officials (federal agents) than those who participated in the August 30, 2011 traffic stop and vehicle search" (doc. 101, p. 10) (internal quotations omitted). Lacey avers that Corporal Whittington of the Mobile Police Department and Agent Lea were both present at both interviews (doc. 101, p. 11). Lacey argues that this "mistake was critical" because the Magistrate Judge relied on this mistake to reject his fruit of the poisonous tree argument and to find that his counsel was not ineffective. He also asserts that he rebutted this mistake in his objection to the report and recommendation (doc. 94, p. 30), and thus, an evidentiary hearing is necessary to determine whether the interviews were conducted by different agencies (doc. 101, p. 11-13).

Again, Lacey again seeks an opportunity to re-visit claims raised and decided on the merits during the habeas proceeding, *i.e.,* attacks the previous resolution of his claim of ineffective assistance of counsel. This claim constitutes a second or successive habeas petition as to which Lacey has not received permission to file in the district court. Therefore, the Court lacks jurisdiction to consider this claim.

4. "<u>Jail inmates</u>"

In his § 2255 petition, Lacey argued that his counsel at sentencing was ineffective for failing to object to the enhancement as a manager or supervisor under U.S.S.G. § 3B1.1(b). Lacey argued that he had no co-defendants or criminal participants with knowledge that criminal activities were being committed. He also asserted that the United States could not produce any participants because the agents were unable to locate and interview the individuals whom Lacey allegedly aided in filing false claims because of false addresses on the claims (doc. 69, p. 8).

Lacey also argued that his counsel at sentencing was ineffective because he allowed the United States to breach the proffer agreement. Lacey asserts that the persons identified as those for whom he had prepared and filed false GCCF claims, and who became part of his relevant conduct, were proffered in his cooperation agreement. Lacey asserts that all persons identified at sentencing were made known to the United States by way of the proffer and should not have been used to enhance his sentence (doc. 71, p. 7; doc. 81, p. 6-7; doc. 82, p. 15-17).

The Magistrate Judge found that nothing in U.S.S.G. § 3B1.1 or its commentary required that participants "must be specifically identified" (doc. 88, p. 41). The Magistrate Judge found that Lacey did not dispute the statement in his presentence investigation report that he filed approximately sixty fraudulent GCCF claims and that sixteen of the claimants were known to law enforcement before his proffer. The Magistrate Judge also found that at sentencing, the agent identified eight individuals that Lacey assisted with filing fraudulent claims with the GCCF in exchange for a percentage of the claim, that could be verified as participants from another source (*Id*., p. 41-42). The Magistrate Judge also found that Lacey

14

failed to show that his counsel at sentencing was deficient by failing to object to the enhancement (*Id.*, p. 42). After discussion of testimony[6] and argument at sentencing regarding the use of information obtained from the proffer, the Magistrate Judge concluded that Lacey's allegations in support of his challenge to the use failed to demonstrate that he was entitled to relief (*Id.*, p. 43-50).

Lacey reiterated his arguments in his objection to the report and recommendation. He asserted that the Magistrate Judge erred in denying his claim that counsel at sentencing was ineffective for failing to challenge the enhancement (doc. 94, p. 38-41) and ineffective for failing to object to the use of the proffer information (*Id.*, p. 43-50).

Now, in his Rule 60(b) motion, Lacey points out that he argued in his objection (doc. 94, p. 39-40) that all the GCCF claimants were "jail inmates" (doc. 101, p. 13-15). He asserts that if the district court had investigated this claim, it would have found that the claimants were inmates who gave their "personal information either directly to Lacey or other inmates to pass to Lacey for the purpose of filing taxes . . . but did not know that Lacey used their information to file BP claims" (doc. 101, p. 14). From this lack of knowledge, Lacey argues that the jail inmates were precluded from being participants, and counsel erred by not objecting to the sentence enhancement.

Lacey also argues that he disclosed the jail inmates as GCCF claimants at his proffer in April 2012 and that the agent "told Lacey that he would be covered through the proffer" (doc. 101, p. 14). Lacey argues that the Court should have held an evidentiary hearing for his

---

[6] The Magistrate Judge stated that Lacey brought the issue to the Court's attention by stating at the sentencing that a "lot of those names were names [he] gave them at [his] proffer…" (doc. 88, p. 45).

counsel, who was present at the proffer, to testify to determine whether the "government misrepresented its position and committed fraud on the court" (*Id*., p.15).

Again, Lacey again seeks an opportunity to re-visit claims raised and decided on the merits during the habeas proceeding, *i.e.,* attacks the previous resolution of his claims. This claim constitutes a second or successive habeas petition as to which Lacey has not received permission to file in the district court. Moreover, he has failed to allege a fraud in the integrity of the habeas proceedings. Therefore, the Court lacks jurisdiction to consider this claim.

5. "Actual innocence"

Review of Lacey's § 2255 petition and supplement, and his reply and supplement, indicates that Lacey did not raise a claim of actual innocence (docs. 69, 71, 81, 82). As to actual innocence, the Magistrate Judge found that Lacey "only argued *legal* innocence of his crime because he believes evidence was due to be suppressed" and that "*[l]egal* innocence is not the same as actual innocence" (doc. 88, p. 54, n. 19).

In his objection, as part of his argument that the Court should not adopt the Magistrate Judge's finding that counsel was not ineffective as to plea advice, Lacey states as follows:

> Petitioner has in his Defense the following: he filed taxes with the IRS for his Seafood business, obtained a business license for his business (original copy was sent to Judge DuBose for mitigating sentencing factors), family owns the building of the business, and business has a registered Employer Identification Number … with the IRS. Petitioner Lacey boldly asserts that he is Actually Innocent, of what he was charged with, and is Legally Innocent of the relevant conduct.

(Doc. 94, p. 14).    In the context of his claim that counsel was ineffective for failing to move to suppress the admissions from the September 14, 2011 interview, Lacey also stated that

> Basically police used tainted evidence [from the August 30, 2011 illegal *Terry*

16

> pat and inventory] while conducting an illegal interrogation to allegedly elicit incriminating hearsay from Lacey. There was no intervening circumstances nor an independent source. The only incriminating evidence that the government stated they would have discovered during normal investigations, outside of the evidence uncovered from the vehicle and illegal interrogation, were the tax forms sent to the GCCF that did not match the ones on file with the IRS.
>
> Petitioner did not file his entire claim and told his attorney whom did. Petitioner had a legitimate alibi and a sound defense of deliberate ignorance and deception. Petitioner paid this person a percentage of his claim fund.
>
> Petitioner had no knowledge that the person whom faxed in his tax forms to the GCCF, did not use his very own tax forms he supplied them with. Petitioner had real 1040 tax forms for his business that were recorded with the IRS. Lacey is Actually Innocent of both charges in the two count indictment. However due to bad advice, lack of investigation, withholding of Discovery (Brady exculpatory evidence), and counsel's misunderstanding of the law, petitioner pled guilty, unintelligently and involuntarily.

(Doc. 94, p. 31-32) (*sic*).

Lacey also asserted that his counsel "was ineffective for not requesting [information regarding a RADD complaint][7] from the government" and that his counsel "relied on hearsay and his failure to investigate prejudiced" Lacey "into pleading guilty and not going to trial and showing he was Actually Innocence" (*sic*) (doc. 94, p. 51). He also reiterated his request for an evidentiary hearing, stating that "Petitioner is making a defense of Actual Innocence of the charges under 12-0046. However due to the evidence from the car search in this case and jail interview, petitioner pled guilty due to his attorney's bad advice, lack of investigation, and ignorance of the law" (doc. 94, p. 52).

---

[7] According to the factual resume, the case originated in April 2011 when the National Center for Disaster Fraud received a call that Lacey was filing claims in exchange for part of the assistance from the GCCF fund. The agent provided an "RADD Complaint report" generated from the call (doc. 17, p. 2).

> Now, in his Rule 60(b) motion, Lacey argues that he
>
> made a claim of actual innocence in § 2255 [petition] when he stated he obtained a business license for his business, stated family owns the building the business existed within, business has a registered Employer Identification Number … with the IRS, and filed taxes with the IRS for his restaurant and other business.

(Doc. 101, p. 15). Lacey asserts that these "taxes represent the years in which he reported to the GCCF" (*Id.*). Lacey argues that "records from the IRS, and his business license could support his claim of actual innocence of two counts in his indictment" (*Id.*, p. 16). He also argues that his sworn statement rebuts his admissions at the September 14, 2011 interview and is evidence to show his actual innocence. Lacey argues that this claim was not addressed and therefore, the Court should hold an evidentiary hearing to address actual innoncence. (*Id.*)

Review of the objection to the report and recommendation indicates that while Lacey asserted that he was actually innocent, he did so in the context of his objections to the Magistrate Judge's decisions as to other claims or motions. Therefore, it appears that Lacey attempts to raise a claim of actual innocence for the first time in his Rule 60(b) motion. A Rule 60(b) motion that seeks "to add a new ground for relief" constitutes a second or successive habeas petition, *Gonzalez,* 545 U.S. at 532 (emphasis in original). Since Lacey did not obtain authorization from the Eleventh Circuit to bring this new claim, the Court lacks jurisdiction. Moreover, a "district judge need not consider an argument that a party failed to present to the magistrate judge." *United States v. Coulton,* 594 F. App'x 563, 568 (11th Cir.2014) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir.2009) ("[W]e ... hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.")).

V. Conclusion

Because Lacey's Rule 60(b) motion seeks to reassert his claims for relief and raise new claims, instead of identifying a defect in the integrity of his earlier § 2255 proceedings, his motion is the equivalent of a second or successive motion and therefore, barred by 28 U.S.C. § 2255(h). *Gonzalez,* 545 U.S. 524, 532; *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011). Without approval from the Eleventh Circuit, this Court lacks jurisdiction to address his motion. Accordingly, the motion is dismissed for lack of jurisdiction.

DONE and ORDERED this the 1st day of June 2016.

   s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE